UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND GONZALEZ, *individually and on behalf of others similarly situated*,

                Plaintiff,

– against –

OLLY SHOES LLC,

                Defendant.

**ORDER**

20 Civ. 5216 (ER)

Ramos, D.J.:

      Olly Shoes was served with process on July 9, 2020. On September 10, 2020, Gonzalez informed the Court that he had obtained a certificate of default and requested 30 days to either move for default or attempt to contact Defendant. Doc. 10. The Court approved the request and required Gonzalez to move for default or file a status update by October 12, 2020. Doc. 11. On October 30, after Gonzalez failed to contact the Court, the Court issued another order instructing Gonzalez to either file a status report or move for default by November 30, 2020. Doc. 12. The Court warned that failure to comply with its order could result in sanctions including dismissal for failure to prosecute. *See* Doc. 12, Fed. R. Civ. P. 41(b).

      No status report was filed and there has been no further activity in this case since then. Because Gonzalez has not responded to the Court's Order, or otherwise been in contact with the Court for over nine months, the Court dismisses this case for failure to prosecute under Rule 41(b).

## I.    Standard

      Courts evaluating dismissal under Rule 41(b) must consider:

      (1) the duration of the plaintiff's failures,

> (2) whether plaintiff had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II. Discussion

Here, each *LeSane* factor weighs in favor of dismissal. *First*, Gonzalez did not respond to the Court's October 30, 2020 order nor has he been in contact with the Court for over nine months. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (collecting cases).

*Second*, Gonzalez was given notice that his case would be dismissed for failure to prosecute. In its October 30, 2020 Order, the Court clearly warned that "[f]ailure to [respond] may result in a dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." Doc. 12 (citing Fed. R. Civ. P. 41). Despite this warning, Gonzalez has not contacted the Court.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed[.]" *LeSane*, 239 F.3d at 210. Because Gonzalez was unresponsive to the Court's October 30, 2020 Order, and has not otherwise been in contact with the Court or Defendant for over nine months, *see* Doc. 12, the Court perceives no circumstances rebutting this presumption. *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (presuming prejudice where plaintiff had no contact with the Court for

eight months).

*Fourth*, Gonzalez has failed to take advantage of his "right to due process and a fair chance to be heard[.]" *LeSane*, 239 F.3d at 209. Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000).

*Finally*, no weaker sanction than dismissal could remedy Plaintiff's failure to prosecute this case. Not only has Plaintiff failed to advance the case for over nine months, but he has also failed to comply with the Court's October 30, 2020 Order. Dismissal is appropriate where, as here, a plaintiff "appears to have abandoned the litigation[.]" *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all of these reasons, the Court dismisses Plaintiff's claims with prejudice.

It is SO ORDERED.

Dated: July 8, 2021
New York, New York

EDGARDO RAMOS, U.S.D.J.